IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-662-BR

| | | |
|---|---|---|
| PROGRESSIVE SOUTHEASTERN<br>INSURANCE COMPANY, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **ORDER** |
| ARBORMAX TREE SERVICE, LLC,<br>ARBORMAX, LLC, TIMOTHY<br>LAWRENCE ROBBINS, JENNIFER<br>DAWN ROBBINS, DONALD WAYNE<br>CAULDER, JR., MICHAEL BARLOW,<br>Administrator of the Estate of Michelle<br>Barlow, MICHAEL BARLOW, individually, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## **MOTION TO COMPEL (D.E. 32)**

This case, which concerns insurance coverage arising from a motor vehicle accident, comes before the court, in part, on the motion (D.E. 32) by the sole defendant against which default has not been entered, Michael Barlow ("Barlow"), both as administrator of the estate of Michelle Barlow and individually, for a motion to compel production of documents from plaintiff Progressive Southeastern Insurance Company ("plaintiff") pursuant to a subpoena he directed to plaintiff.[1] While, as issued, the subpoena sought a broad range of documents, the parties appear to have limited the requested documents to two groups, plaintiff's liability claim file for defendant Timothy Robbins and its coverage file regarding the policy for defendant Arbormax Tree Service, LLC.

---

[1] Barlow states that plaintiff requested that the documents be sought through a subpoena rather than simply a production request. *See* D.E. 33 at 1 ¶ 1.

Plaintiff contends that the documents at issue are entitled to work product protection. In order to show entitlement to such protection, "a party must establish three things: (1) that the material consists of documents or tangible things, (2) which were prepared in anticipation of litigation or for trial, and (3) by or for another party or its representatives which may include an attorney, consultant, surety, indemnitor, insurer or agent." *Suggs v. Whitaker*, 152 F.R.D. 501, 504-05 (M.D.N.C. 1993) (citing *Ennis By and Through McMillan v. Anderson Trucking*, 141 F.R.D. 258, 259 (E.D.N.C. 1991)). A claim file kept by an insurance company often does not qualify for work product protection; however, if there is a reasonable threat of litigation, the information gathered thereafter "might be said to be acquired in anticipation of litigation." *Pete Rinaldi's Fast Foods v. Great American Ins.*, 123 F.R.D. 198, 204 (M.D.N.C. 1988). A party may discover work product prepared in anticipation of litigation only upon a showing that the party has "substantial need for the materials" and "is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3).

The first and third elements of the work product doctrine are not in dispute. The court finds that, for the reasons plaintiff states, it has shown that the documents sought were prepared in anticipation of litigation in satisfaction of the second element. Barlow presents no arguments to the contrary. The documents are therefore entitled to work product protection. Barlow has demonstrated neither a substantial need for them, nor undue hardship in obtaining equivalent materials. Barlow's motion to compel will accordingly be denied.

## **MOTIONS FOR EXTENSION (D.E. 36 & D.E. 37)**

This case is also before the court on two additional motions by Barlow. One (D.E. 36), filed on 24 May 2017 pursuant to Fed. R. Civ. P. 6(b)(1), seeks extension of the time allowed Barlow by Local Civil Rule 7.1(f)(1), E.D.N.C. to respond to plaintiff's motion for summary

2

judgment (D.E. 34). The other (D.E. 37), filed 25 May 2017 pursuant to Fed. R. Civ. P. 16(b)(4), seeks extension of the 15 June 2017 deadline set in the Scheduling Order (D.E. 27 at 2 ¶ 3), as amended by the 17 March 2017 Order (D.E. 31 at 2 ¶ 2), for Barlow to file his own motion for summary judgment. Barlow seeks the extensions pending ruling on his motion to compel. He argues that if the court were to grant his motion to compel, the resulting production could have a bearing on his response to plaintiff's motion for summary judgment and his own motion for summary judgment.

Plaintiff opposes both motions. *See* D.E. 40, 41. It argues that: (1) Barlow acted tardily by not filing his motion to compel until the last day of the discovery period, 15 May 2017 (*see* 17 Mar. 2017 Ord. 2 ¶ 1); (2) if the court were to grant the motion to compel, the additional information would not change the outcome of the court's decision on summary judgment; and (3) plaintiff would be prejudiced if the deadlines were extended because it faces having a judgment entered against it in the underlying wrongful death case in state court.

Generally, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). Additionally, a scheduling order "may be modified only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The good cause modification provision specific to Rule 16(b)(4) takes precedence over the generally applicable extension provisions of Rule 6(b)(1). *E.g., Corkrey v. Internal Revenue Serv.*, 192 F.R.D. 66, 67 (N.D.N.Y. 2000); *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997). The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence. *Dilmar Oil Co.*, 986 F. Supp. at 980; *see also Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) ("'Good cause' requires 'the party seeking relief [to] show that

3

the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'") (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure Civ. 3d § 1522.2 (2010)).[2] The party moving to modify a scheduling order bears the burden of demonstrating the existence of good cause. *United States v. Cochran*, No. 4:12–CV–220–FL, 2014 WL 347426, at *2 (E.D.N.C. 30 Jan. 2014) (citing *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008)).

The court finds that Barlow has shown good cause for the extensions sought. Contrary to plaintiff's contention, Barlow has not acted tardily. The timing of his motion to compel was justified by, among other circumstances, his diligent efforts to resolve the matters in dispute through conferral with plaintiff. *See* D.E. 38-2. Further, he filed his motion for extension of time to respond to plaintiff's summary judgment motion before the date the response was due (6 June 2017) and his motion for extension of the deadline for his own summary judgment motion before the deadline for it (15 June 2017) had expired. The court cannot dismiss the potential relevance the documents sought by the motion to compel may have had to issues presentable on summary judgment.

In addition, the prejudice plaintiff asserts is, at the moment, speculative. Plaintiff may, in any event, seek remedies for any such prejudice in the state court case.

---

[2] *See also Humbert v. O'Malley*, No. WDQ–11–0440, 2015 WL 1256458, at *2 (D. Md. 17 Mar. 2015) ("'If [the moving] party was not diligent, the inquiry should end.'" (*quoting Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W. Va. 1995)); *Hunt v. Brooks Run Min. Co., LLC*, 51 F. Supp. 3d 627, 636 (S.D.W. Va. 2014) ("'While other factors warrant consideration, including danger of prejudice to the non-moving party, the length of delay and its potential impact on the judicial proceedings, the reason for the delay, and whether the movant acted in good faith, diligence is the hallmark of the Rule 16(b)(4) good cause standard.'" (quoting *Paice, LLC v. Hyundai Motor Co.*, Civ. No. WDQ–12–0499, 2014 WL 3385300, at *1 (D. Md. 8 July 2014))). "[T]he scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

Lastly, the length of the extensions Barlow seeks is reasonable. The period of 21 days he seeks to respond to plaintiff's summary judgment is the same length of time he would have otherwise had under Local Civil Rule 7.1(f)(1), although running from the court's ruling on his motion to compel rather than service of plaintiff's motion. Similarly, the 30-day period he seeks to file his own summary judgment motion is the same length of time he would have under the Scheduling Order (p. 2 ¶ 3), as amended by the 17 March 2017 Order (p. 2 ¶ 2), although, again, running from the court's ruling on his motion to compel rather than the close of discovery. The fact that the extended deadlines would run from the ruling on Barlow's motion to compel does not represent a windfall to him or undue prejudice to plaintiff because Barlow arguably required the ruling to be able to prepare his response and own summary judgment motion, and the delay entailed is relatively modest. Barlow's motions for extension of time will therefore be allowed.

IT IS THEREFORE ORDERED as follows:

1. Barlow's motion to compel (D.E. 32) is DENIED.

2. Barlow's motion for extension of time to file a response to plaintiff's motion for summary judgment (D.E. 36) and his motion for extension of time to file a motion for summary judgment (D.E. 37) are ALLOWED.

3. Barlow shall file his response to plaintiff's motion for summary judgment by 3 July 2017.

4. Barlow shall file any summary judgment motion by 12 July 2017.

5. All other deadlines in the Scheduling Order, as amended by the 17 March 2017 Order, remain in effect.

SO ORDERED, this 12th day of June 2017.

_____
James E. Gates
United States Magistrate Judge