IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-662-BR

PROGRESSIVE SOUTHEASTERN )
INSURANCE COMPANY, )
 )
Plaintiff, )
 )
v. )          **ORDER**
 )
ARBORMAX TREE SERVICE, LLC, )
ARBORMAX, LLC, TIMOTHY )
LAWRENCE ROBBINS, JENNIFER )
DAWN ROBBINS, DONALD WAYNE )
CAULDER, JR., MICHAEL BARLOW, )
Administrator of the Estate of Michelle )
Barlow, MICHAEL BARLOW, individually, )
 )
Defendants. )

This case comes before the court on remand from the presiding district judge for

reconsideration of the contested motion (DE. 32) by defendant Michael Barlow ("Barlow"), both

as administrator of the estate of Michelle Barlow and individually, for an order compelling

production of documents from plaintiff Progressive Southeastern Insurance Company ("plaintiff").

For the reasons set forth below, the motion will be allowed in part and denied in part.

**I.    BACKGROUND**

This case concerns insurance coverage arising from a motor vehicle accident on 22 March

2016. Barlow's Mot. to Appeal (D.E. 43) 1; Pl. 's Resp. to Mot. to Appeal (D.E. 54) 2. A truck

driven by defendant Donald Wayne Caulder, Jr., struck a minivan driven by Michelle Barlow,

resulting in her death. Barlow's Mot. to Appeal 1-2; Pl.'s Resp. to Mot. to Appeal 2; Compl. (D.E.

1) ¶ 12. Caulder was operating the truck in the course of the business of defendant Timothy

Robbins (Compl. ¶ 13; Barlow's Ans. to Compl. (D.E. 19) ¶ 13) and, Barlow contends, for the benefit of defendant Arbormax Tree Service, LLC ("ATS") (Barlow's Resp. to Mot. to Appeal 6).

As of the time of the accident, plaintiff had issued a commercial automobile policy to Timothy Robbins ("Robbins policy"). Barlow's Mot. to Appeal 5; Robbins Policy Decl. Page (D.E. 44-3). Plaintiff does not dispute coverage of the accident under the Robbins policy. Pl.'s Resp. to Mot. to Compel 2. Plaintiff had also issued a commercial automobile policy to ATS ("ATS policy"). Compl. ¶ 14; Ans. to Compl. ¶ 14; ATS Policy (D.E. 1-1) 1. Plaintiff has denied coverage of the accident under the ATS policy. Decl. of Emily G. Rice ("Rice Decl.")[1] (D.E. 38-1) ¶ 5.

On 1 April 2016, plaintiff received notice that Barlow had obtained counsel. Pl.'s Resp. to Mot. to Appeal 2; Rice Decl. ¶ 6. On 3 May 2016, plaintiff made its denial of coverage under the ATS policy. Rice Decl. ¶ 5. On 8 June 2016, Barlow filed a negligence lawsuit in Wake County Superior Court against Caulder, Timothy Robbins, Jennifer Robbins, ATS, and Arbormax, LLC. Barlow's Mot. to Appeal 2; Pl.'s Resp. to Mot to Appeal 3; Compl. ¶ 19.

On 8 July 2016, plaintiff filed the instant action for a declaratory judgment providing that the ATS policy affords no coverage for the accident in issue. Barlow's Mot. to Appeal 2; Pl.'s Resp. to Mot. to Appeal 3; Compl. ¶ 25. Named as defendants were the defendants in the Wake County case as well as Barlow, both individually and as administrator of the estate of Michelle Barlow. Compl. ¶¶ 2-6. Barlow is the only defendant that answered the complaint, and default was entered against the other defendants (Entry of Default (D.E. 21)).

Pursuant to the scheduling order in this case, which approved plaintiff's and Barlow's proposed discovery plan, discovery was to be commenced in time to be completed by 1 March

---

[1] In her declaration, Rice states that she has managed the claim for plaintiff arising from the accident since it was filed with plaintiff. Rice Decl. ¶ 2.

2017. Sched. Ord. (D.E. 27) ¶ 1. The discovery deadline was later extended to 15 May 2017. 17 Mar. 2017 Ord. (D.E. 31) ¶ 1.

On 16 December 2016, Barlow sent plaintiff his first request for production of documents seeking, in relevant part, "The Plaintiff's complete claim file as a result of the vehicular wreck of March 22, 2016 as set forth in the Complaint filed in this matter." Pl.'s Resp. to First Prod. of Documents (D.E. 45-1) 2 no. 1. Plaintiff responded as follows:

Plaintiff objects to the request on the basis of attorney-client privilege, work product privilege, and because it is not likely to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Plaintiff produces the attached documents. Pursuant to its objections, Plaintiff is withholding portions of the claims file that relate only to liability and damages in the underlying tort litigation.

*Id.* After further discussions with Barlow, plaintiff sent him a letter asking him to provide a subpoena for certain documents. 23 Feb. 2017 Ltr. (D.E. 45-6) 1-2. Barlow subsequently provided two subpoenas to plaintiff. 22 Mar. 2017 Subp. (D.E. 45-7); 4 May 2017 Subp. (D.E. 45-8).

On the last day to conduct discovery, 15 May 2017, Barlow filed the instant motion seeking an order compelling plaintiff "to fully and completely produce the complete claims files for any and all claims filed with Plaintiff during any time Plaintiff provided coverage to [ATS]; Arbormax, LLC; Timothy Lawrence Robbins, Jennifer Dawn Robbins, and Donald Wayne Caulder, Jr., from January 1, 2012, until today to include all of the records related to the March 22, 2016, crash that killed Michelle Barlow" as sought by the 4 May 2017 subpoena. Barlow's Mot. to Compel 1. Plaintiff filed a memorandum opposing the motion. Pl.'s Resp. to Mot. to Compel (D.E. 38). The parties had by that point narrowed the documents in dispute to portions of the coverage file on the ATS policy and of the claims file on the Robbins policy. *See, e.g., id.* at 3, 5-6. The undersigned denied plaintiff's motion to compel. 13 June 2017 Ord. (D.E. 42).

3

Barlow appealed the ruling to the presiding district judge and submitted additional information in support of the motion. Barlow's Mot. to Appeal (D.E. 43). Plaintiff responded in opposition. Pl.'s Resp. to Mot. to Appeal (D.E. 54). The presiding district judge vacated the denial order and remanded the motion to compel to the undersigned for reconsideration in light of additional facts and argument presented in the appeal. 16 Feb. 2018 Ord. (D.E. 69) 3-4.

The documents whose production remains in dispute are documents in plaintiff's coverage file on the ATS policy and its claims file on the Robbins policy. Plaintiff produced a privilege log (D.E. 38-4) for documents it is withholding from the claims file on the Robbins policy, but not for the documents it is withholding from the coverage file on the ATS policy.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Discovery

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209

(W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at \*4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at \*2 (S.D.W. Va. 3 June 2011))).

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). Objections not timely asserted are waived. *See, e.g., Frontier-Kemper Constructors, Inc.*, 246 F.R.D. 522, 528 (S.D.W. Va. 2007); *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 258 (M.D.N.C. 2001). The signer of a response to a production request certifies that "reasonable inquiry" has been made regarding the requested documents. Fed. R. Civ. P. 26(g)(1).

When a party withholds information on the basis of privilege, including work-product protection and attorney-client privilege, it must expressly assert the privilege objection in response to the particular discovery request involved. *Id.*(b)(5)(A). In addition, the party must serve with its discovery responses a privilege log in conformance with Rule 26(b)(5)(A). *See id.* The privilege log must "describe the nature of the documents, communications, or tangible things not produced or disclosed—*and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.*" *Id.* (emphasis added). "A party's conclusory assertion that a document is privileged is inadequate to meet the burden imposed by Rule 26(b)(5)(A)." *Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 232 (S.D.W. Va. 28 Aug. 2015)

5

(citing *United Stationers Supply Co. v. King*, No. 5:11-CV-00728, 2013 WL 419346, at \*2 (E.D.N.C. 1 Feb. 2013)).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). Rule 37 requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*(a)(1). Similarly, Local Civil Rule 7.1(c), E.D.N.C. requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c) (E.D.N.C.); *see Jones v. Broadwell,* No. 5:10-CT-3223-FL, 2013 WL 1909985, at \*1 (E.D.N.C. 8 May 2013) (denying motion to compel which did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

In addition, Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted, except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion, except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

## B. Attorney-Client Privilege

"[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. "A federal court exercising diversity

6

jurisdiction is obligated to apply the substantive law of the state in which it sits, including the state's choice-of-law rules." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 599-600 (4th Cir. 2004). In the instant case, the court must apply the choice of law rules of North Carolina as the forum state. *See Homeland Training Ctr., LLC v. Summit Point Auto. Research Ctr.*, 594 F.3d 285, 290 (4th Cir. 2010).

Generally, under North Carolina choice of law rules, "an insurance contract is governed by the law of the state in which the policy is delivered." *Amerisure Mut. Ins. Co. v. Superior Constr. Corp.*, No. 3:07-cv-00276-W, 2008 WL 3842958, at \*2 (W.D.N.C. 15 Aug. 2008) (citing *Roomy v. Allstate Ins. Co.,* 256 N.C. 318, 123 S.E.2d 817 (1962)). However, a choice-of-law provision in a contract may overcome the general rule. *Volvo Constr. Equip. N. Am., Inc.*, 386 F.3d at 601 (citing *Bueltel v. Lumber Mut. Ins. Co.*, 134 N.C. App. 626, 631, 518 S.E. 2d 205, 209 (1999)).

The parties do not address which state's law governs the insurance contracts in issue. In the case of the ATS policy, it states, "Any disputes as to the coverages provided or the provisions of this policy shall be governed by the law of the state listed in your application as your business location." ATS Policy (D.E. 1-1) 31. Further, it is undisputed that ATS is located in North Carolina. Compl. ¶ 2; Barlow's Ans. to Compl. ¶ 2. Accordingly, to the extent the court has considered the merits of plaintiff's claim of attorney-client privilege with respect to the coverage file on the ATS policy, it has applied the substantive law of North Carolina.

The court does not have a copy of the Robbins policy (other than the declaration page). The parties appear to agree, however, that Robbins is a citizen and resident of North Carolina. Compl. ¶ 3; Barlow's Ans. to Compl. ¶ 3. The court therefore deems the law of North Carolina to apply to claims of attorney-client privilege relating to that policy as well.

Under North Carolina law, the attorney-client privilege exists if:

7

(1) the relation of attorney and client existed at the time the communication was made, (2) the communication was made in confidence, (3) the communication relates to a matter about which the attorney is being professionally consulted, (4) the communication was made in the course of giving or seeking legal advice for a proper purpose although litigation need not be contemplated and (5) the client has not waived the privilege.

*Friday Invs., LLC v. Bally Total Fitness of the Mid-Atlantic, Inc.*, 370 N.C. 235, 240, 805 S.E. 2d 664, 669 (2017) (quoting *State v. Murvin*, 304 N.C. 523, 531, 284 S.E. 2d 289, 294 (1981)). "The rationale for having the attorney-client privilege is based upon the belief that only 'full and frank' communications between attorney and client allow the attorney to provide the best counsel to his client." *In Re Miller*, 357 N.C. 316, 329, 584 S.E. 2d 772, 782 (2003) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). The burden is on the party asserting the privilege to demonstrate that it is applicable. *Id.* at 328, 584 S.E. 2d at 782. If a party demonstrates that the attorney-client privilege applies, all communications between the attorney and client are entitled to absolute and complete protection from disclosure. *Id.*

## C. Work-Product Doctrine

The work-product doctrine, as codified in Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure, is based on the Supreme Court's seminal decision in *Hickman v. Taylor*, 329 U.S. 495 (1947), and protects against the disclosure of certain materials "prepared in anticipation of litigation or for trial by or for [a] party or its representative (including the . . . party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). The proponent of work-product protection has the burden of establishing its applicability. *Sandberg v. Va. Bankshares, Inc.*, 979 F.2d 332, 355 (4th Cir. 1992). "The party seeking protection must make this showing with a specific demonstration of facts supporting the requested protection, preferably through affidavits from knowledgeable persons." *E.I. Du Pont de Nemours and Co. v. Kolon*

*Industries, Inc.,* No. 3:09cv58, 2010 WL 1489966, at \*3 (E.D. Va. 13 Apr. 2010) (internal quotations omitted).

"'The application of the work product doctrine is particularly difficult in the context of insurance claims.'" *Gilliard v. Great Lakes Reinsurance (U.K.) PLC*, No. 2:12–cv–00867–DCN, 2013 WL 1729509, at \*2 (D.S.C. 22 Apr. 2013) (quoting *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 536, 541–42 (N.D. W. Va. 2000)); *Schwarz & Schwarz of Va., L.L.C. v. Certain Underwriters at Lloyd's London*, No. 6:07cv00042, 2009 WL 1043929, at \*2 (W.D. Va. 17 Apr. 2009) ("With respect to work product claims by insurance companies, '[t]he nature of the insurance business requires an investigation prior to the determination of the insured's claim.'") (quoting *State Farm Fire & Cas. Co. v. Perrigan*, 102 F.R.D. 235, 237 (W.D. Va. 1984)); *Miller v. Pruneda*, No. 3:02–CV–42, 2004 WL 3951292, at \*5 (N.D. W. Va. 5 Nov. 2004) ("Because an insurance company is in the business of investigating claims, investigatory files are normally prepared in the ordinary course of the insurance company's business although the files were prepared with an eye toward reasonably foreseeable litigation."); *Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins. Cos.*, 123 F.R.D. 198, 202 (M.D.N.C. 1988) ("Because an insurance company has a duty in the ordinary course of business to investigate and evaluate claims made by its insureds, the claims files containing such documents usually cannot be entitled to work product protection."). "[T]here is no bright-line test for when work product protection applies for insurance companies, and instead courts must undertake a case-by-case analysis." *Botkin v. Donegal Mut. Ins. Co.,* No. 5:10cv00077, 2011 WL 2447939, at \*3 (W.D. Va. 15 Jun. 2011).

Generally, information obtained by an insurance company regarding a claim is deemed to be in anticipation of litigation and therefore subject to work-product protection only if the information is obtained after the insurance company denies the claim. *Pete Rinaldi's*, 123 F.R.D.

9

at 202; *Schwartz & Schwartz*, 2009 WL 1043929, at \*3 (finding that work product production attached only after insurance company disclaimed coverage). "[I]f the insurer argues it acted in anticipation of litigation before it formally denied the claim, it bears the burden of persuasion by presenting specific evidentiary proof of objective facts demonstrating a resolve to litigate." *Pete Rinaldi's*, 123 F.R.D. at 202. The "pivotal point" in deciding when the activity changes from ordinary business to anticipation of litigation is "when the probability of litigation becomes 'substantial and imminent,' or stated otherwise, when litigation becomes 'fairly foreseeable.'" *Botkin*, 2011 WL 2447939, at \*3 (quoting *State Farm*, 102 F.R.D. at 237)).

## III. COVERAGE FILE ON ATS POLICY

Barlow seeks production of the documents in plaintiff's coverage file on the ATS policy that plaintiff has not already produced. Plaintiff contends that the entire file is protected by the work-product doctrine because it was compiled in anticipation of litigation. More specifically, it states that it began the coverage investigation that is the subject of the file, in April 2016, shortly after it received a claim for the accident and learned that Barlow had retained counsel, and because it knew that coverage did not exist under the policy and that coverage had been or would be denied. Pl.'s Resp. to Mot. to Compel 5; Pl.'s Resp. to Mot. to Appeal 3, 10; Rice Decl. ¶¶ 3, 8, 9. Plaintiff also alleges that the coverage file contains documents protected by the attorney-client privilege. Pl.'s Resp. to Mot. to Compel 6; Pl.'s Resp. to Mot. to Appeal 3.

Notwithstanding its contention that the entire coverage file is protected under the work-product doctrine, plaintiff states that it has produced "factual, non-privileged documents such as photographs, documents of title, underwriting files, witness statements, etc." (Pl.'s Resp. to Mot. to Compel 6; Rice Decl. ¶ 12) because such documents "are not documents [plaintiff] created in anticipation of litigation" (Pl.'s Resp. to Mot. to Appeal 10 n.4). Plaintiff describes the documents

10

it is withholding from production variously as "the internal claims notes created by [plaintiff's] adjusters, which were prepared in anticipation of litigation" (Pl.'s Resp. to Mot. to Appeal 10 n.4) and "its claims notes or internal or attorney-client correspondence, which is privileged" (Pl.'s Resp. to Mot. to Compel 6; Rice Decl. ¶ 12).

As noted, plaintiff has not produced a privilege log for the documents in the coverage file on the ATS policy it is withholding. It argues that it was not required to produce a privilege log because "to do so would waive the work product and attorney-client privilege" and that "[a] privilege log would require [plaintiff] to identify dates and communications between [claim manager Rice] and other claim representatives, and such information is protected by work product and attorney-client privileges." Pl.'s Resp. to Mot. to Compel 3-4.

As previously discussed, a party withholding information on the grounds that it is protected by the work-product doctrine or attorney-client privilege is required to produce a privilege log that must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Plaintiff has failed utterly to demonstrate that it cannot comply with this requirement without waiving the protection it claims for the withheld documents, particularly in light of the flexibility Rule 26 permits with respect to identification of withheld materials. Plaintiff essentially asks Barlow and the court to accept its determination at face value that such a waiver would occur. It does not provide information sufficient to enable Barlow or the court to meaningfully evaluate the contention.

The need for such evaluation is enhanced by the apparent inconsistency in plaintiff's description of the contents of the coverage file and the standards it is using to determine what is protected from disclosure. As set out above, plaintiff at one point describes the entire coverage

11

file as protected by the work-product doctrine, but at another states that it, in fact, contains material that is not covered that it has produced. Similarly, plaintiff describes the withheld documents at one point as only internal claims notes, but at another as such notes in addition to internal and attorney-client correspondence. In addition, aside from this cursory reference to attorney-client correspondence, plaintiff makes no showing as to the nature of the material for which it claims the attorney-client privilege or how it qualifies for such protection.

Assuming without deciding that plaintiff did anticipate litigation relating to the ATS policy in April 2016, not all documents created after any such anticipation began would necessarily be protected under the work-product doctrine. For example, documents created after litigation is anticipated but in the normal course of business would not be subject to such protection. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 984 (4th Cir. 1992) ("[W]e have held that materials prepared in the ordinary course of business or pursuant to regulatory requirements or for other non-litigation purposes are not documents prepared in anticipation of litigation within the meaning of Rule 26(b)(3)." (citing *Goosman v. A. Duie Pyle, Inc.*, 320 F.2d 45, 52 (4th Cir. 1963))); *Meighan v. TransGuard Ins. Co. of Am., Inc.*, 298 F.R.D. 436, 446 (N.D. Iowa 2014) ("Even if the parties reasonably anticipate litigation, the work product privilege does not apply to documents that are generated in the ordinary course of business." (citing *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 197 F.R.D. 620, 636-38 (N.D. Iowa 2000))).

Lastly, particularly given the extended proceedings on Barlow's motion to compel, plaintiff has had ample opportunity to compile a privilege log for the documents it is withholding from the coverage file on the ATS policy or, alternatively, to develop its contention for not doing so. Plaintiff did not exploit this opportunity.

12

The court concludes that by failing to produce a privilege log for the documents in the coverage file for the ATS policy that it is withholding plaintiff has waived its claims of work-product protection and attorney-client privilege as to these documents. *See Westchester Surplus Lines Ins. Co. v. Clancy & Theys Constr. Co.*, No. 5:12-CV-636-BO, 2013 WL 6058203, at *5 (E.D.N.C. 15 Nov. 2013) (finding party had waived work-product protection for documents not included in the privilege log); *Herbalife Intern., Inc. v. St. Paul Fire and Marine Ins. Co.*, Civil Action No. 5:05CV41, 2006 WL 2715164, at *4 (N.D.W. Va. 22 Sept. 2006) ("Failure to timely produce a privilege log or the production of an inadequate privilege log may constitute waiver of any asserted privileges." (citing *Atteberry v. Longmont United Hosp.*, 221 F.R.D. 644, 649 (D. Colo. 2004))). The court will accordingly allow the portion of Barlow's motion seeking production of the documents in plaintiff's coverage file on the ATS policy that it has not already produced.

## IV. CLAIMS FILE ON ROBBINS POLICY

Barlow seeks production of the documents from the claims file on the Robbins policy listed in the privilege log plaintiff has provided for that file. The privilege log lists 83 documents as protected under the attorney-client privilege, 15 documents as protected under the work-product doctrine, and 2 documents as protected under both the attorney-client privilege and work-product doctrine, for a total of 100 documents. Privilege Log 2-6. Barlow contends that the privilege log is deficient because it fails to show that the documents listed are subject to the work-product doctrine or attorney-client privilege. The court agrees.

Indeed, the privilege log actually shows that eight documents—documents 5, 9, 35, 41, 91, 92, 93, and 94—do not meet the requirements of the attorney-client privilege as claimed. Attach.

13

A.[2] Specifically, documents 5, 9, 93, and 94, which are identified as letters, and documents 35, 41, 91, and 92, which are identified as emails, all have Barlow's counsel of record or attorneys in the same firm as Barlow's counsel of record listed as recipients. Attach. A. Accordingly, these eight documents are not protected from disclosure. Although Barlow is necessarily already in possession of these documents and plaintiff will not be ordered to produce them, the inclusion of these documents in the privilege log highlights its insufficiency.

Furthermore, for each of the remaining 92 documents, the privilege log lacks a description that "enable[s] other parties to assess the claim" of attorney-client privilege or work-product protection. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii). The omissions also preclude the court from assessing the claims of protection. Among the missing information is any description of the content of the document. Barlow and the court are left to rely on the general characterization of the documents collectively as relating to potential claims against Robbins arising from the accident.

Also missing is any identification of the persons listed that makes clear their role with respect to the events in question. While the identity and role of many persons listed in the log are apparent, that is not true for many others.

Plaintiff argues that all documents listed are subject to work-product protection because they were prepared after 1 April 2016, when plaintiff contends it received notice that Barlow had retained counsel. Pl.'s Resp. to Mot. to Compel 4-5; Rice Decl. ¶¶ 6, 8, 11. This contention is belied by the log itself which, as detailed above, identifies only a small proportion of the documents —17 of 100—as protected by the work-product doctrine. The only protection claimed as to the

---

[2] The documents in the privilege log are not numbered. To facilitate reference to them the court has prepared and appended to this order as Attachment A a copy of the privilege log with the documents numbered sequentially.

overwhelming majority of the documents is the attorney-client privilege. Notwithstanding that fact, plaintiff presents scant argument supporting its claims of attorney-client privilege.

Further, while the court will defer ruling on the issue of when plaintiff first anticipated litigation pending the *in camera* review provided for herein, even assuming the date was 1 April 2016, the work-product doctrine would not necessarily apply to all such documents. For example, as previously noted, documents created after litigation is anticipated but in the normal course of business would not be subject to work-product protection. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 967 F.2d 980 at 984; *Meighan*, 298 F.R.D. at 446.

Plaintiff contends that if it were to provide the level of detail requested by Barlow, it would waive its claim of work-product protection. It has failed to demonstrate that this contention has any merit. Notably, it makes no such contention with respect to the attorney-client privilege.

The court finds that the proper course for addressing the deficiencies in the privilege log is to conduct an *in camera* review of the documents listed in it that have not already been produced. While the court has considered whether the deficiencies warrant a finding that plaintiff has waived the protections claimed as to all the listed documents it has not already produced, it has concluded that such a resolution is inappropriate in light of plaintiff's seemingly conscientious attempt to comply with the requirement for a privilege log. Plaintiff will therefore be required to submit for *in camera* inspection the documents listed in the privilege log it has not already produced.

## V.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that Barlow's motion to compel (D.E. 32) is ALLOWED IN PART and DENIED IN PART on the following terms:

1.    a. Plaintiff shall produce to Barlow no later than 24 September 2018 all documents in the coverage file on the ATS policy that it is has not previously produced to Barlow.

15

b. Plaintiff shall serve with these documents a duly signed supplemental response identifying: (i) each production request as to which plaintiff is producing responsive documents; (ii) each document (by Bates number) that is being produced in response to each such production request; and (iii) each document (by Bates number) not being produced on the grounds that plaintiff has previously produced it.

2.      a. Except for documents 5, 9, 35, 41, 91, 92, 93, and 94, plaintiff shall file with the court *ex parte* and under seal for *in camera* review by 24 September 2018 each of the documents identified in plaintiff's privilege log.

b. If there are multiple emails to be reviewed in the same email chain, plaintiff shall produce one copy of the chain and indicate in an appropriate way the emails in it to be reviewed. The court does not seek multiple copies of the same email chain.

c. Each document shall be identified by the number assigned it in Attachment A.

d. Plaintiff shall include with the documents a listing of the identification of all persons named in the privilege log, other than counsel of record in this case, making clear their role with respect to the events at issue.

3.      The court finds that the award of expenses would be unjust. Each party shall accordingly bear its respective expenses incurred on plaintiff's motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii), (B).

SO ORDERED, this 17th day of September 2018.

James E. Gates
United States Magistrate Judge

16

# ATTACHMENT A

Privilege Log
16-3914245

| | DATE | DOCUMENT TYPE | SENT BY | RECIPIENTS | DESCRIPTION |
|---|---|---|---|---|---|
| 1. | 5/11/17 | Email | Emily Rice | Timothy Sprague, Richard Rescigno, Mary Ellen Tinnick, Ann Grace Johnson, Fredric Marcinak | Attorney Client |
| 2. | 5/11/17 | Email | Fredric Marcinak | Emily Rice | Attorney Client |
| 3. | 5/11/17 | Email | Frederic Marcinak | Valerie J McClintock, Emily Rice | Attorney Client |
| 4. | 5/11/17 | Email | Valerie J McClintock | Fredric Marcinak, Emily Rice, Mary Ellen Tinnick | Attorney Client |
| 5. | 5/9/17 | Letter | Fred Marcinak | Bruce W. Berger | Attorney Client |
| 6. | 2/23/17 | Letter | J.D. Keister | Mary Ellen Tinnick | Attorney Client |
| 7. | 4/14/17 | Letter | J.D. Keister | Edward Dewayne Capps, Mary Ellen Tinnick | Attorney Client |
| 8. | 4/11/17 | Letter | J.D. Keister | Mary Ellen Tinnick | Attorney Client |
| 9. | 4/10/17 | Letter | Kara Bordman, Kenneth B. Rotenstreich | Marvin Douglas Erb, Ellis Boyle, Timothy Peter Ligowski, Thompson Trucking, Tracy Whatley, Timothy Lawrence Robbins, Mary Ellen Tinnick | Attorney Client |
| 10. | 4/10/17 | Letter | Kara Bordman, Kenneth B. Rotenstreich | Timothy Lawrence Robbins | Attorney Client |
| 11. | 4/10/17 | Letter | Kara Bordman, Kenneth B. Rotenstreich | Timothy Peter Ligowski | Attorney Client |
| 12. | 3/9/17 | Email | Emily Rice | Mary Ellen Tinnick | Work Product |
| 13. | 2/16/17 | Email | Emily Rice | Fredric Marcinak, Mary Ellen Tinnick | Attorney Client |
| 14. | 11/3/16 | Email | Jonathan Prince | Mary Ellen Tinnick | Work Product |
| 15. | 11/7/16 | Email | Kara Bordman | Mary Ellen Tinnick | Attorney Client |
| 16. | 11/7/16 | Email | Mary Ellen Tinnick | Kara Bordman | Attorney Client |
| 17. | 11/16/16 | Email | Mary Ellen Tinnick | Kara Bordman | Attorney Client |
| 18. | 12/20/16 | Email | Mary Ellen Tinnick | Kara Bordman | Attorney Client |
| 19. | 12/21/16 | Email | Kara Bordman | Mary Ellen Tinnick | Attorney Client |
| 20. | 12/21/16 | Email | Mary Ellen Tinnick | Kara Bordman | Attorney Client |
| 21. | 1/31/17 | Email | Mary Ellen Tinnick | Kara Bordman | Attorney Client |
| 22. | 1/31/17 | Email | Kara Bordman | Mary Ellen Tinnick | Attorney Client |

|  | DATE | DOCUMENT TYPE | SENT BY | RECIPIENTS | DESCRIPTION |
|---|---|---|---|---|---|
| 23. | 1/16/17 | Letter | Mary Ellen Tinnick | J.D. Keister | Attorney Client |
| 24. | 1/5/17 | Email | J.D. Keister | Mary Ellen Tinnick, Taylor Raymer | Attorney Client |
| 25. | 1/4/17 | Email | Mary Ellen Tinnick | J.D. Keister | Attorney Client |
| 26. | 12/28/16 | Email | J.D. Keister | Mary Ellen Tinnick | Attorney Client |
| 27. | 12/26/16 | Email | Mary Ellen Tinnick | J.D. Keister | Attorney Client |
| 28. | 12/29/16 | Email | Emily Rice | Mary Ellen Tinnick | Work Product |
| 29. | 12/27/16 | Email | Taylor Raymer | Mary Ellen Tinnick, J.D. Keister, Tiffany Frickey | Attorney Client |
| 30. | 12/27/16 | Letter | Taylor Raymer | Mary Ellen Tinnick | Attorney Client |
| 31. | 12/26/16 | Email | Mary Ellen Tinnick | J.D. Keister | Attorney Client |
| 32. | 12/28/16 | Email | J.D. Keister | Mary Ellen Tinnick | Attorney Client |
| 33. | 11/22/16 | Email | Mary Ellen Tinnick | J.D. Keister | Attorney Client |
| 34. | 11/27/16 | Email | J.D. Keister | Mary Ellen Tinnick | Attorney Client |
| 35. | 10/13/16 | Email | Taylor Raymer | Joe Knott, Tiffany Frickey, J.D. Keister, nkw@knottboyle.com, 19197839650@efaxds.com | Attorney Client |
| 36. | 8/30/16 | Letter | J.D. Keister | Mary Ellen Tinnick | Attorney Client |
| 37. | 8/3/16 | Email | Mary Ellen Tinnick | Kenny Rotenstreich, Kara Bordman | Attorney Client |
| 38. | 8/3/16 | Email | Kara Bordman | Mary Ellen Tinnick, Kenny Rotenstreich | Attorney Client |
| 39. | 8/8/16 | Email | Mary Ellen Tinnick | Kara Bordman | Attorney Client |
| 40. | 8/8/16 | Email | Kara Bordman | Mary Ellen Tinnick | Attorney Client |
| 41. | 8/2/16 | Email | Taylor Raymer | Joe Knott, Bruce@knottboyle.com, J.D. Keister, nkw@knottboyle.com | Attorney Client |
| 42. | 7/29/16 | Email | J.D. Keister | Mary Ellen Tinnick | Attorney Client |
| 43. | 6/28/16 | Email | Taylor Raymer | Mary Ellen Tinnick, J.D. Keister | Attorney Client |
| 44. | 6/28/16 | Letter | J.D. Keister | Donald Wayne Caulder, Jr., Mary Ellen Tinnick | Attorney Client |
| 45. | 6/28/16 | Letter | J.D. Keister | Timothy Lawrence Robbins, Jennifer Dawn Robbins, Arbormax Tree Service, LLC, Mary Ellen Tinnick | Attorney Client |

|     | DATE | DOCUMENT TYPE | SENT BY | RECIPIENTS | DESCRIPTION |
|-----|------|---------------|---------|------------|-------------|
| 46. | 7/11/16 | Email | Rob Moseley | Emily Rice, Fredric Marcinak | Attorney Client |
| 47. | 7/19/16 | Email | Emily Rice | Mary Ellen Tinnick | Work Product |
| 48. | 6/22/16 | Email | Taylor Raymer | Mary Ellen Tinnick, J.D. Keister | Attorney Client |
| 49. | 6/21/16 | Letter | J.D. Keister | Mary Ellen Tinnick | Attorney Client |
| 50. | 6/21/16 | Letter | Mary Ellen Tinnick | J.D. Keister | Attorney Client |
| 51. | 6/16/16 | Email | Emily Rice | Mary Ellen Tinnick | Work Product |
| 52. | 6/15/16 | Email | Kara Bordman | Mary Ellen Tinnick, Kenny Rotenstreich | Attorney Client |
| 53. | 6/9/16 | Letter | Kara Bordman, Kenneth Rotenstreich | Mary Ellen Tinnick, Jordan McNeill | Attorney Client |
| 54. | 6/8/16 | Email | Nate Keller | Mary Ellen Tinnick | Attorney Client |
| 55. | 6/8/16 | Email | Mary Ellen Tinnick | Kenny Rotenstreich, Kara Bordman | Attorney Client |
| 56. | 6/8/16 | Email | Kara Bordman | Mary Ellen Tinnick, Kenny Rotenstreich, Nate Keller | Attorney Client |
| 57. | 5/25/16 | Email | Nate Keller | Mary Ellen Tinnick | Attorney Client |
| 58. | 5/25/16 | Email | Mary Ellen Tinnick | Nate Keller | Attorney Client |
| 59. | 5/25/16 | Email | Nate Keller | Mary Ellen Tinnick | Attorney Client |
| 60. | 4/21/16 | Email | Mary Ellen Tinnick | Nate Keller | Attorney Client |
| 61. | 5/6/16 | Email | Mary Ellen Tinnick | Nate Keller | Attorney Client |
| 62. | 4/21/16 | Email | Mary Ellen Tinnick | Tara Clayton | Attorney Client |
| 63. | 4/21/16 | Email | Tara Clayton | Mary Ellen Tinnick | Attorney Client |
| 64. | 4/12/16 | Letter | Marvin Erb | Mary Ellen Tinnick | Attorney Client |
| 65. | 4/21/16 | Email | Mary Ellen Tinnick | Nate Keller | Attorney Client |
| 66. | 4/21/16 | Email | Mary Ellen Tinnick | Tara Clayton | Attorney Client |
| 67. | 4/18/16 | Email | Emily Rice | Edward W. Sutton, Mary Ellen Tinnick | Work Product |
| 68. | 4/18/16 | Email | Edward W. Sutton | Emily Rice | Work Product |
| 69. | 4/18/16 | Email | Emily Rice | Edward W. Sutton | Work Product |
| 70. | 4/18/16 | Email | Edward W. Sutton | Emily Rice | Work Product |
| 71. | 4/18/16 | Email | Emily Rice | Mary Ellen Tinnick | Work Product |
| 72. | 4/18/16 | Email | Emily Rice | Mary Ellen Tinnick | Work Product |
| 73. | 4/14/16 | Email | Mary Ellen | Kenny Rotenstreich | Attorney Client |

| | DATE | DOCUMENT TYPE | SENT BY | RECIPIENTS | DESCRIPTION |
|---|---|---|---|---|---|
| | | | Tinnick | | |
| 74. | 4/15/16 | Email | Kenny Rotenstreich | Mary Ellen Tinnick | Attorney Client |
| 75. | 4/14/16 | Email | Mary Ellen Tinnick | Kenny Rotenstreich | Attorney Client |
| 76. | 4/15/16 | Email | Kenny Rotenstreich | Mary Ellen Tinnick, Camilla DeBoard | Attorney Client |
| 77. | 4/18/16 | Email | Emily Rice | Mary Ellen Tinnick | Work Product |
| 78. | 4/14/16 | Email | Emily Rice | Mary Ellen Tinnick | Work Product |
| 79. | 4/15/16 | Email | Mary Ellen Tinnick | Kenny Rotenstreich | Attorney Client |
| 80. | 4/15/16 | Email | Mary Ellen Tinnick | Kenny Rotenstreich | Attorney Client |
| 81. | 4/15/16 | Email | Mary Ellen Tinnick | Kenny Rotenstreich | Attorney Client |
| 82. | 4/14/16 | Email | Mary Ellen Tinnick | Kenny Rotenstreich | Attorney Client |
| 83. | 4/14/16 | Email | Kenny Rotenstreich | Mary Ellen Tinnick, Camilla DeBoard | Attorney Client |
| 84. | 4/14/16 | Email | Mary Ellen Tinnick | Kenny Rotenstreich | Attorney Client |
| 85. | 4/14/16 | Email | Kenny Rotenstreich | Mary Ellen Tinnick | Attorney Client |
| 86. | 4/14/16 | Email | Mary Ellen Tinnick | Kenny Rotenstreich | Attorney Client |
| 87. | 4/12/16 | Email | Mary Ellen Tinnick | James A. Dodrill | Attorney Client |
| 88. | 4/13/16 | Email | James A. Dodrill | Mary Ellen Tinnick | Attorney Client |
| 89. | 4/13/16 | Email | Mary Ellen Tinnick | Stephen T. Persia | Attorney Client/Work Product |
| 90. | 4/13/16 | Email | Stephen T. Persia | Mary Ellen Tinnick | Attorney Client/Work Product |
| 91. | 7/12/17 | Email | Taylor Raymer | Joe Knott, Bruce Knott, J.D. Keister | Attorney Client |
| 92. | 3/8/17 | Email | Taylor Raymer | Joe Knott, Bruce Knott, Tiffany Fickey, J.D. Keister, nkw@knottboyle.com, | Attorney Client |
| 93. | 2/9/17 | Letter | J.D. Keister | Joe Thomas Knott III | Attorney Client |
| 94. | 7/12/17 | Letter | Taylor A. Raymer | Joe Thomas Knott III | Attorney Client |
| 95. | 10/10/16 | Email | April M. Saylor | Mary Ellen Tinnick | Attorney Client |
| 96. | 2/23/17 | Email | Frances Padilla | Mary Ellen Tinnick, Lauren Lewis Ikpe | Attorney Client |

|  | DATE | DOCUMENT TYPE | SENT BY | RECIPIENTS | DESCRIPTION |
|---|---|---|---|---|---|
| 97. | 2/17/17 | Email | J.D. Keister | Mary Ellen Tinnick | Attorney Client |
| 98. | 4/27/17 | Email | Tara Clayton | Mary Ellen Tinnick | Attorney Client |
| 99. | 4/15/16 | Email | Edward W. Sutton | Mary Ellen Tinnick | Work Product |
| 100. |  | Claims Notes | After April 1, 2016 |  | Work Product |

All other documents in this claims file have been produced.